UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL G.,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

Case No. 23-5866-SKV

ORDER AFFIRMING THE COMMISSIONER'S DECISION

      Plaintiff seeks review of the denial of his application for Supplemental Security Income (SSI). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

      Plaintiff was born in 1987, has a high school education, and last worked as an order filler. AR 1594. Plaintiff was last gainfully employed from October 2021 through December 2021. AR 1583.

      In November 2017, Plaintiff applied for benefits, alleging disability as of June 2016. AR 15. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 1

hearing. AR 143-45. After the ALJ conducted a hearing in June 2019, the ALJ issued a decision finding Plaintiff not disabled. AR 12-30. The Appeals Council denied Plaintiff's request for review and Plaintiff appealed the final decision of the Commissioner to this Court. AR 1-6. Based on the parties' stipulation, this Court remanded Plaintiff's claim for a new hearing. AR 1678-79. After the ALJ conducted a new hearing in March 2023, the ALJ again found Plaintiff not disabled. AR 1580-96.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff engaged in substantial gainful activity between October 2021 and December 2021, but there has been a continuous 12-month period(s) during which he did not engage in substantial gainful activity.

**Step two**: Plaintiff has the following severe impairments: degenerative disc disease and degenerative joint disease of the cervical spine, bilateral epicondylitis, major depressive disorder, generalized anxiety disorder, and borderline personality disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**: Plaintiff can perform light work. He can occasionally climb ladders, ropes, or scaffolds, and occasionally crawl. He can occasionally be exposed to vibration and extreme cold temperatures. He can frequently, but not continuously, reach and handle with his bilateral upper extremities. He can understand, remember, and apply detailed but not complex instructions; but he cannot work in a fast-paced production environment, and he can only occasionally interact with the general public and coworkers.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 1583-85, 1587, 1594-95.

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 5. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 3.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

//

//

//

# DISCUSSION

Plaintiff argues the ALJ erred by misevaluating medical opinion evidence, Plaintiff's testimony, and lay witness statements. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.   The ALJ Did Not Err in Evaluating Medical Evidence

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

#### 1.   Heather Novak, ARNP

In February 2018, ARNP Novak opined that Plaintiff could only stand or sit for four hours in an eight-hour workday, could not sit or stand for extended periods without a break, found repeated bending painful, was limited to sedentary work, and needed to frequently change positions and move around to alleviate stress on his back. AR 330-34. The ALJ found this unpersuasive, noting it was overly vague and inconsistent with objective evidence. AR 1591.

Plaintiff contends that the ALJ misinterpreted the record and overlooked ARNP Novak's treatment notes, which contained clinical findings that supported her opinion. Dkt. 13 at 3-4. The Commissioner argues that the ALJ's evaluation was reasonable and supported by substantial evidence. Dkt. 15 at 9-10. The Court agrees.

The ALJ found the opinion inconsistent with records which consistently noted Plaintiff had normal strength and range of motion throughout the relevant period. AR at 1591. An ALJ may reject a medical opinion that is contradicted by objective evidence in the medical record. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). The records the ALJ relied on reflect that

Plaintiff had full strength in the upper and lower extremities, intact sensation, and normal gait (AR 441, 1228); imaging results were unremarkable (AR 448-49, 477, 1281, 1296); and that Plaintiff had a normal range of motion in his spine.  AR 595, 1346, 1361.  These findings are consistent with the ALJ's conclusion that ARNP Novak's opinion did not accurately reflect Plaintiff's functional limitations.

The ALJ also noted that the opinion was overly vague, as it lacked evidence or explanation to support the severe limitations it described.  AR 1591.  Instead, the ALJ found that the medical evidence was consistent with Plaintiff's RFC.  *Id.* (citing *e.g.*, AR 1882-1896 (benign mental status findings), 1897-1984 (unremarkable physical exam results), 1985-1998 (noting conservative treatment effective at managing pain), 2094-2169 (unremarkable imaging, normal physical findings), 2190-2216 (conservative treatment effective, benign mental status findings), 2217-2313 (conservative treatment, unremarkable mental and physical exam results)).  Similarly, the ALJ found it inconsistent with Plaintiff's ability to drive a car, perform mechanic work, prepare meals, and shop for groceries.  AR 1588-91 (citing AR 238-46, 1612-15).  The ALJ's evaluation is reasonable and supported by substantial evidence.

Plaintiff argues that ARNP Novak's treatment notes support the opined limitations, highlighting her observations that Plaintiff showed limited range of motion in his spine and moderate pain with motion.  Dkt. 13 at 3 (citing AR 327-28, 333).  But this argument fails to establish error because it is the Commissioner's responsibility to translate clinical findings into a succinct RFC.  *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).  The records Plaintiff relies on indicate that he was encouraged to exercise (AR 327), showed moderate pain with motion (AR 328), and had "some tensing with movement of upper spine."  AR 333.  Even assuming Plaintiff's view of the evidence is reasonable, the Court cannot say that

the ALJ's evaluation of the evidence is unreasonable or unsupported. Accordingly, the Court is required to affirm the ALJ's determination on this matter. *Thomas*, 278 F.3d at 954.

       2. *Peter Weiss, Ph.D., Holly Petaja, Ph.D.*

In March 2018, Drs. Weiss and Petaja assessed Plaintiff's psychological and behavioral limitations. They opined that Plaintiff was: (1) severely limited in his ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, and complete a normal workday and workweek without disruptions; (2) markedly limited in his ability to maintain appropriate behavior, communicate effectively, perform in a work environment, set realistic goals, and plan independently; and (3) moderately limited in adapting to changes in a work setting. AR 355-59, 363-65.

The ALJ discounted these opinions because the severe limitations they described were inconsistent with the longitudinal record. AR 1593; *see also Ford*, 950 F.3d at 1156; *Rounds*, 807 F.3d at 1006. The ALJ pointed out that although Plaintiff occasionally needed reminders to shower, mental status evaluations consistently described his memory as fair. *Id.* Likewise, the ALJ found the record indicated no more than moderate difficulties in concentration, and that Plaintiff's conservative and effective treatment suggested no more than moderate limitations in interactions with others. *Id.* "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).

Plaintiff argues that the examples cited by the ALJ do not contradict the opined limitations. Dkt. 13 at 4-5. The Commissioner agrees that the ALJ's citations were inaccurate but argues that the ALJ's findings are nonetheless consistent with the record. Dkt. 15 at 11. The Court agrees. In evaluating the ALJ's decision, the Court must look "to all the pages of the ALJ's decision." *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (emphasis original)

and uphold the decision "if the agency's path may reasonably be discerned." *Molina*, 674 F.3d at 1121 (cited sources omitted).  Here, the ALJ's finding of fair memory on exam is consistent with the longitudinal record.  AR 1329, 1335, 1340, 1346, 1351, 1356, 1362, 1370, 1374, 1378, 1382, 1535, 1538, 1540-41, 1544, 1546, 1548-49, 1552-53, 1556-57, 1559, 1562-63, 1565, 1568, 1570, 1572, 1574, 1575, 2222, 2227, 2233, 2239, 2260, 2265, 2268, 2275, 2282, 2287, 2292, 2300, 2306.  Plaintiff's threadbare reference to error thus fails to articulate a meaningful challenge to the ALJ's evaluation of the record.  *Thomas*, 278 F.3d at 954.  Therefore, the Court affirms the ALJ's decision.

            3.      *Administrative Findings*

The ALJ found the administrative findings of Drs. Virji and Irwin persuasive.  AR 1591 (citing AR 440-41).  The ALJ noted that the doctors reviewed Plaintiff's history and wrote statements supporting their findings, and found their assessments consistent with the longitudinal record.  *Id.* (citing AR at 448-49, 477, 1228, 1281, 1296 (unremarkable imaging); 594, 1346, 1361 (normal strength and range of motion through spine reported in May 2018 physical exam), 440-41 (full strength in both extremities, intact sensation, normal gait)).  Plaintiff asserts, without argument, that Drs. Virji and Irwin's findings contradict the record, Dkt. 13 at 11, but this fails to articulate an error in the ALJ's reasoning.  *Molina*, 674 F.3d at 1111 (burden of showing harmful error falls on the party attacking an agency's determination).

The ALJ also found Drs. Lewis and Donahue's evaluations somewhat persuasive – as they were supported and partially consistent – but explained that Plaintiff had submitted additional records after their opinion was formed, which supported further limitations than the doctors had assessed.  AR 1592-93.  Plaintiff argues that the ALJ did not provide a valid reason for discounting their assessment that he might experience concentration lapses due to

1  psychological symptoms.  Dkt. 13 at 11.  The ALJ accommodated this by limiting him to non-
2  complex instructions, only occasional interaction, and from working in a fast-paced production
3  environment.  AR 1587.  Plaintiff's summary challenge fails to demonstrate error in the ALJ's
4  decision.  *See Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023.) (RFC sufficiently tracked
5  persuasive opinion even though it did not fully incorporate it).

6  Plaintiff also argues that a reasonable ALJ could have reached a different disability
7  determination based on the administrative findings.  Dkt. 13 at 11.  However, just because "the
8  ALJ *could* have come to a different conclusion" does not mean the ALJ erred.  *Shaibi v.*
9  *Berryhill*, 870 F.3d 874, 879-80 (9th Cir. 2017) (emphasis in original).  The ALJ's evaluation
10 was reasonable and supported by substantial evidence.  As such, the Court affirms the ALJ's
11 decision on these matters.

12              4.      Other Medical Evidence

13 Plaintiff spends several pages listing medical findings before claiming this evidence
14 "provides further support" for his testimony and the previously challenged medical opinions.
15 Dkt. 13 at 5-11.  This argument, which is merely a summary of facts without any supporting
16 analysis or reference to case law, does not establish harmful error.  *Putz v. Kijakazi, 2022 WL*
17 *6943095, at \*2 (9th Cir. Oct. 12, 2022)*.  Furthermore, bare assertions and lists of facts, absent
18 analysis, fall far short of the requirement that Plaintiff present his contentions and reasons with
19 specificity.  *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007); *Indep. Towers of Wash. v.*
20 *Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003).  Plaintiff's list of clinical findings is
21 insufficient to undermine the ALJ's decision.

22      **B.    The ALJ Did Not Err in Evaluating Plaintiff's Testimony**

23 The ALJ summarized Plaintiff's allegations and discounted them because his testimony was
   inconsistent with his activities, conservative treatment, and the objective medical evidence.  AR

1588-90.  Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony.  *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).  This requires the ALJ to specify which parts of the testimony are not credible and explain what evidence contradicts it.  *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017).  However, the ALJ is not required to believe every claim of disabling pain, *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021), or to analyze the claimant's testimony line by line.  *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).  "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince."  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

As an initial matter, the Court notes that Plaintiff's repeated assertions that the ALJ repeated analysis from the 2019 decision do not demonstrate harm in the ALJ's decision.  Dkt. 13 at 12-13.  On remand, this Court ordered the ALJ to evaluate the opinions from Drs. Weiss and Petaja, evaluate lay witness evidence, Plaintiff's RFC, and proceed with any remaining steps in the evaluation process.  AR 1678-79.  The ALJ addressed these and included additional limitations in the revised RFC.  *Compare* AR 20, *with* AR 1587.  As Plaintiff has not shown any conflict between the ALJ's findings and the order of remand, this argument is unavailing.  The Court thus turns to the remaining elements of Plaintiff's challenge.

To start, Plaintiff argues that the ALJ failed to properly evaluate all of the medical evidence.  Dkt. 14 at 11-14.  This argument fails to establish error because the ALJ properly assessed the medical evidence, as the Court found earlier.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).  Plaintiff also contends that the ALJ improperly acted as a medical expert and mischaracterized the record.  Dkt. 14 at 11-14.  He points out that the ALJ discussed his conservative treatment, daily activities, unremarkable imaging studies, lack of escalating symptoms, ability to stop taking medication, and improvement with therapy.  *Id.*  Although Plaintiff repeatedly states that the ALJ's decision is not supported by substantial evidence and that the ALJ's explanations were not

convincing, he does not articulate an error in the ALJ's evaluation at any point. Accordingly, the Court finds the ALJ's discussion of the longitudinal record was reasonable and supported by substantial evidence. *See Molina*, 674 F.3d at 1111; *Smartt*, 53 F.4th at 499.

Next, Plaintiff asserts that the ALJ's reliance on his activities of daily living was misguided. He argues that these activities are not valid indicators of his ability to work and that none of them show he could perform any type of work on a sustained basis. Dkt. 14 at 12-14. In this case, the ALJ evaluated Plaintiff's testimony about his mental impairments and pain limiting his ability to work. AR 1588-90. The ALJ found this inconsistent with his ability to drive a car, perform mechanic work on cars in his spare time, live with his girlfriend and five children, do laundry, shop for groceries, and prepare simple meals. AR 238-46, 1612-15. The ALJ reasonably determined that such evidence suggested Plaintiff's symptoms were not as limiting as he alleged. Instead, the ALJ explained that these activities indicate that he is capable of functioning as outlined in the RFC. Plaintiff's conclusory disagreement with the ALJ's reasoning does not show harmful error. *See Smartt*, 53 F.4th at 499.

In turn, Plaintiff argues that the ALJ erroneously found that his conservative treatment, lack of escalating symptoms, ability to stop medication, and improvement with therapy were inconsistent with his testimony. Dkt. 13 at 13-14. Inconsistent medical evidence, evidence of improvement with treatment, and evidence of minimal treatment are all valid reasons to reject a claimant's allegation of disabling limitations. *See, e.g.*, *Wellington*, 878 F.3d at 876 (9th Cir. 2017); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Here, the ALJ found Plaintiff's minimal treatment and unremarkable imaging contradicted his testimony about the limiting effects of his back pain. AR 1589 (citing *e.g.*, AR 440-41, 448-49, 477, 594, 1228, 1281, 1296, 1346, 1361). The ALJ also highlighted that Plaintiff's mental impairments improved with conservative treatment.

AR 1590 (citing *e.g.*, AR 1126-58, 1630, 1635, 1881-96, 2188-2216). Furthermore, the ALJ noted that there were no hospitalizations for mental health issues in the record. AR 1590. Plaintiff disagrees with the ALJ's decision and offers an alternative interpretation of the record, Dkt. 13 at 13-14, but this is insufficient to show error in the ALJ's decision. *See Molina*, 674 F.3d at 1111; *Thomas*, 278 F.3d at 954.

Finally, Plaintiff spends several pages summarizing portions of the record from testimony during the hearing without making an argument or showing a logical connection between the testimony and an alleged error by the ALJ. Dkt. 13 at 14-17. Plaintiff then asserts, in conclusory fashion, that the summarized testimony is the testimony that the ALJ improperly rejected. *Id*. at 17. This argument fails because Plaintiff makes no challenge specifically addressing any of the ALJ's reasons for rejecting this testimony.

In sum, the record reflects that the ALJ provided specific, rational, and cogent reasons for discounting Plaintiff's testimony, and Plaintiff's conclusory disagreement with the ALJ's reasoning does not show harmful error. Even assuming the evidence is susceptible to more than one reasonable interpretation – the ALJ's and Plaintiff's – the Court is required to uphold the ALJ's interpretation.

**C.     The ALJ Did Not Err in Evaluating Lay Witness Evidence**

The ALJ's decision to discount the opinion of a non-medical source, such as a friend or a family member, should be upheld if the ALJ provided "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citation omitted); 20 C.F.R. § 416.920. Plaintiff argues that the ALJ failed to provide relevant reasons for rejecting the statements provided by S.N., a social worker, and D.B., a former co-worker. Dkt. 13 at 17-18. The ALJ noted that S.N. stated that Plaintiff had difficulty with hearing, understanding, coherency, concentration, and standing; was somewhat hyperactive with thought processes; and vocalized neck pain while adjusting his position to relieve discomfort. AR 1593 (citing AR 269). Likewise, the ALJ

observed that D.B. submitted a letter stating that Plaintiff would take up to fifteen breaks during a typical workday due to his pain. *Id.* (citing AR 1881). The ALJ found these statements inconsistent with the medical evidence, including treatment notes reflecting improvement in Plaintiff's symptom limitations. AR 1594.

Plaintiff asserts that this is not a germane reason to reject lay evidence and that a reasonable ALJ who fully credited this evidence could have reached a different decision. Dkt. 13 at 18. This argument is unconvincing because the ALJ properly discounted Plaintiff's testimony and gave similar reasons for discounting the lay testimony. AR 1588-90, 1593-94; *see also Thomas*, 278 F.3d at 954. Moreover, the brief observations made by these witnesses do not add any limitations that the ALJ did not already assess. *See, e.g.*, *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness'] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness'] testimony"). The ALJ addressed Plaintiff's allegations of physical and mental limitations and revised the RFC accordingly. Accordingly, the Court affirms the ALJ's evaluation of the lay witness evidence.

**D.     The ALJ Did Not Err in Assessing Plaintiff's RFC**

Plaintiff argues the insufficiency of the ALJ's RFC assessment given its failure to include limitations assessed by ARNP Novak and Dr. Weiss, as well as the limitations described by Plaintiff and the lay witnesses. Dkt. 13 at 18-19. This argument fails to establish error because the ALJ properly evaluated this evidence, as the Court found earlier. *See Stubbs-Danielson*, 539 F.3d at 1175-76.

//

//

# CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 5th day of June, 2024.

S. KATE VAUGHAN
United States Magistrate Judge